IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>vs.<br><br>YAMIL H. KOURI-PEREZ<br><br>**Defendant** | CRIM. #97-091 (JAF) |

### MOTION TO COMPEL GOVERNMENT TO INFORM AMOUNTS OF RESTITUTION PAID BY CO-DEFENDANT LUIS DUBON AND THAT SAID AMOUNTS BE CREDITED TO DEFENDANT'S ORDER OF RESTITUTION

**TO THE HON. COURT:**

**HEREIN APPEARS** defendant Yamil Kouri Perez through his undersigned attorney and most respectfully prays and requests:

1. This Hon. Court sentenced defendant pay $1,394,358.95 restitution to the U.S. Department of Health and Human services.

2. The Court when it sentenced co-defendant Luis Dubon Otero imposed as part of his sentence restitution in the amount of $1,559,828.00 to be paid to the Dept. of Health and Human Services. Said amount included the $1,394,358.95 that Kouri was also ordered to pay the victim.

3. The government has credited to defendant Kouri the amount of $408,296.46 obtained from the sale of his property. (See docket #1699)

4. Defendant's counsel has called the U.S. Attorney's office repeatedly since defendant's release on supervised release to find out how much restitution co-defendant Luis Dubon has paid so that the amounts paid by him be credited to defendant's restitution also. Defendant's probation officer is requiring defendant to prove payment of the full restitution amount and defendant is entitled to find out how much has been paid by Dubon so that it be credited to his restitution judgment. This is so because the victim cannot recover no more than the total loss is suffered. Thus, even though the Court may have imposed the joint liability of Kouri and Dubon to pay the full loss suffered by the Dept. of Health and Human Services said entity may not recover twice the amount of loss. Once the Department recovers the loss from the combined payments of both defendants the obligation to pay restitution ceases. See the case of U.S. v. Scott, 270 F.3rd 30, 52 (1st Cir. 2001) where the Court held:

> *"When more than one defendant causes a loss to a victim, the District Court may within its discretion "make each defendant liable for payment of the full amount of restitution or … apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 USC §3664(h) (Supp. II 1996). If the defendants are each made liable for the full amount, but the victim may recover no more than the total loss, the implications is that each defendant's liability ends when the victim is made whole, regardless of the actual contributions of individual defendants – a rule that corresponds to the common law concept of joint and several liability. Cf. Tilcon Capaldi, Inc. v. Feldman, 249 F.3rd 54, 62 (1st Cir. 2001) (defining joint and several liability to mean "that damages are a single sum specified in the judgment, that each wrongdoer is liable for the full amount, but the wronged party cannot collect under the judgment more than the single sum.")"*

5. From the above it is clear that the victim may not recover twice its loss and defendant Kouri is entitled to have credited to his restitution obligation those amounts paid by Dubon and vice versa.

6. Notwithstanding counsel's repeated calls to obtain said information and to have whatever sums paid by Dubon credited to Kouri the government has not provided the same which places defendant in a position where the probation office is requiring him to pay additional amounts until it is proven that the restitution has been satisfied.

7. In view of the government's failure to voluntarily disclose said information it is requested that the Court order it to provide said information of the amounts of restitution paid by Dubon and that said sums be credited to defendant Kouri. In this manner the liability of Kouri at this time, if any, can be ascertained.

**WHEREFORE** it is respectfully requested from this Hon. Court that it order the government to inform the Court and defendant the amounts of restitution it has recovered from co-defendant Luis Dubon and that said amounts be credited to Kouri's restitution judgment so as to avoid payment in excess of the total loss suffered by the victim Dept. of Health and Human Services.

**RESPECTFULLY SUBMITTED.**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed by

4

United States Postal Service the document to the following: Mary Butler, Department of Justice, Bond Building, 10th and Constitution Ave., Washington DC 20530.

In San Juan, Puerto Rico, this 13th day of April, 2007.

s/*Rafael F. Castro Lang*

**RAFAEL F. CASTRO LANG**
**USDC-PR#128505**
Attorney for Defendant
P O Box 9023222
San Juan PR 00902-3222
787 - 723-3672 - 723-1809
Fax 787 - 725-4133
rafacastro@prtc.net