IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> vs. <br><br> YAMIL H. KOURI-PEREZ <br><br> Defendant | CRIM. #97-091 (JAF) |

### OBJECTION TO THE GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO COMPEL GOVERNMENT TO INFORM AMOUNTS OF RESTITUTION PAID BY CO-DEFENDANT LUIS DUBON

**TO THE HON. COURT:**

  **HEREIN APPEARS** defendant Yamil Kouri Perez through his undersigned attorney and most respectfully prays and requests:

  1.  The government has filed a Reply to Defendant's Motion to Compel the Government to Inform Amounts of Restitution Paid by Codefendant Luis Dubon which misstates facts and the judgments imposed by this Court improperly expanding the liability this Court imposed on defendant Kouri and Dubon by alleging that the orders of restitution imposed on them included the amounts of restitution ordered to be paid by the other defendants Jeanette Sotomayor, Armando Borel, Angel Corcino Mauras and Julio Corcino Mauras.

  2.  This is totally incorrect and an examination of the restitution orders imposed on said other co-defendants reveal that they were not held jointly and

severally liable for the amounts that Dubon and Kouri were required to pay and vice versa. Said defendants were held liable exclusively for funds they took personally which were separate from the $1,394,358.95 the Court imposed on Kouri and the $1,559,828.00 imposed on Dubon. Thus the restitution owed by said other co-defendants were improperly included in the computation of the determination as to the amount if any owed by Kouri and Dubon and should be excluded by this Court in making a ruling.

    3.    Only Dubon's restitution order included the $1,394,358.95 imposed on Kouri and Dubon was held liable for additional funds he obtained which were not included in Kouri's restitution order. Since only Dubon and Kouri were held jointly liable for the loss of $1,394,358.95, the amounts still owed by the other co-defendants who were held liable for different funds they personally benefited from cannot be included in making a determination if Kouri has any pending balance of restitution. As to the amount imposed on Kouri only his and Dubon's payments should be taken into account.

    4.    The government recognizes that it has obtained $408,296.46 from the sale of Kouri's residence and that Dubon has paid $1,284,191.00. (See parr. 9 Govt. Reply) If one adds these two amounts which should benefit both defendants they have a combined payment of $1,692,487.40 which means they have already satisfied the restitution order imposed by the Court.

**WHEREFORE** it is respectfully requested from this Hon. Court that it enter an Order finding that Yamil Kouri does not owe any restitution to the government in this case because the same has already been paid.

**RESPECTFULLY SUBMITTED.**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Postal Service the document to the following: Mary Butler, Department of Justice, Bond Building, 10th and Constitution Ave., Washington DC 20530.

In San Juan, Puerto Rico, this 30th day of May, 2007.

s/*Rafael F. Castro Lang*

**RAFAEL F. CASTRO LANG**
USDC-PR#128505
Attorney for Defendant
P O Box 9023222
San Juan PR 00902-3222
787 - 723-3672 - 723-1809
Fax 787 - 725-4133
rafacastro@prtc.net